ItOBERT L. BLAND, Judge,
dissenting.
In the case of Appalachian Electric Power Company v. State Road Commission, in which I wrote the majority opinion of the Court, found in 3 Ct. Claims (W. Va.) 150, I stated:
“The scheme for the creation of the State Court of Claims was carefully considered and worked out by an interim committee of the Legislature. In its report to the Legislature that committee expressly slated: ‘A shortened procedure is provided for small claims where no question of fact or liability is in issue.’ For such purposes only should the shortened procedure provision of the court act be used.”
I adhere to the above expressed views.
The instant chum is submitted to the court of claims under the shortened p: oceduro provision of the court act. The record was prepared by the state road commissioner and the claim concurred in by him and approved by an assistant attorney general of the state. The accident which is the basis of the claim was unfortunate. The amount recommended for an award by this court is small but the case involves the same principle as if the claim *81 were seventeen thousand dollars. It is obvious, I think, that both questions of fact and liability are in issue. The effect of the award made by majority members of the court is to ratify upon the meagre facts provided by the record the conclusions reached by the head of the agency involved and the attorney general’s office. I do not see the case in the light in which they view it or in which it is viewed by majority members of the court. It cannot be said that the claimant was not aware of the fact that the road commission truck was loaded with reddog. lie saw it. He was charged with the exercise of prudence when attempting to pass the truck. He knew that the road commission was engaged in the exercise of a governmental duty. The basis of the claim is negligence. No prior statute authorizing this court to make an award upon the facts disclosed by the record is shown.
I respectfully dissent.